UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORMAN DAVID SOMERVILLE,

       Petitioner,

v.

UNITED STATES OF AMERICA,

       Respondent.
_____/

Case No. 1:07-CV-773
(Criminal Case No. 1:03-CR-239)

HON. GORDON J. QUIST

## OPINION

### I.  Introduction

Before the Court is Norman David Somerville's ("Petitioner") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  For the following reasons, Petitioner's motion will be denied.

### II.  Statement of Facts

On August 11, 2004, Petitioner pled guilty to possession of a machine gun in violation of 18 U.S.C. § 922(o)(1).  On March 24, 2005, the Court sentenced Petitioner to 80 months incarceration. Judgment was entered on March 25, 2005.  Petitioner filed a pro se Notice of Appeal to the United States Court of Appeals for the Sixth Circuit on March 31, 2005, but later moved for assistance of counsel.  With his appeal pending, Petitioner made several motions for this Court to compel production of documents he intended to use on appeal.  Petitioner's motions were denied, and he thereafter appealed the Court's Order denying those motions.  Petitioner also moved to strike the search warrant and related documents.  That motion was denied, and Petitioner appealed its denial as well.

At that point, Petitioner had three separate appeals pending before the Court of Appeals. In a consolidated review, the Court of Appeals denied Petitioner's Motion to Appoint Counsel, affirmed his conviction and sentence, and affirmed this Court's denial of his Motions to Compel. *United States v. Somerville*, Nos. 05-1475/2441 (6th Cir. Aug. 1, 2006). The Court of Appeals later affirmed this Court's denial of Petitioner's Motion to Strike. *United States v. Somerville*, No. 06-1734 (6th Cir. Feb. 6, 2007).

On July 26, 2007, Petitioner timely filed this Motion under 28 U.S.C. § 2255. Petitioner now claims that: (1) 18 U.S.C. § 922(o)(1) is unconstitutional under the Second Amendment; (2) the Court of Appeals erred in failing to appoint requested counsel; and (3) counsel appointed in the district court was ineffective for failing to object to an allegedly invalid search warrant.

### III. Issues Decided on Appeal Generally Cannot be Relitigated by § 2255 Motion

On direct appeal, Petitioner explicitly argued that 18 U.S.C. § 922(o)(1) violates the Second Amendment. (Pet'r § 2255 Mem. at 2.) Citing *United States v. Bournes*, 339 F.3d 396, 397-99 (6th Cir. 2003), the Court of Appeals rejected Petitioner's Secondment Amendment argument. *Somerville*, Nos. 06-1475/2441 at 3-4.

Here, Petitioner again challenges the constitutionality of 18 U.S.C. § 922(o)(1). However, a § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances, such as an intervening change in the law. *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996). Petitioner attempts to show that such a change in the law is evidenced by a United States Court of Appeals for the District of Columbia case, *Parker v. D. C.*, 478 F.3d 370 (D.C. Cir. 2007), *cert. granted in part sub nom. D.C. v. Heller*, 76 U.S.L.W. 3273 (U.S. Nov. 20, 2007) (No. 07-290), holding that Washington D.C.'s essentially blanket prohibition of handgun possession violates the Second Amendment.

2

The Court notes, however, that *Parker* is an out-of-circuit case addressing only the possession of handguns, not machine guns. Moreover, the law of *Bournes* remains binding in this circuit. *See Ashe v. C.I.R.*, 288 F.2d 345 (6th Cir. 1961) (holding that where the Sixth Circuit and a sister circuit have applied different legal principles in similar cases, under *stare decisis*, the Sixth Circuit must continue to follow its own prior ruling). Absent a change by either the United States Supreme Court or the Sixth Circuit, highly exceptional circumstances do not exist to allow Petitioner to relitigate an issue already decided on direct appeal.

### IV.  No Constitutional Right to Advisory Counsel

Petitioner initially chose to appeal his conviction pro se. However, in June of 2005, he determined that he was not fully competent to represent himself before the Court of Appeals without legal assistance. Accordingly, Petitioner moved the Court of Appeals to appoint "advisory" counsel. (Pet'r Mot. at 6.) Petitioner claims he was denied the right to counsel because the Court of Appeals acknowledged, but did not rule on, his Motion to Appoint Counsel. However the Court of Appeals explicitly denied Petitioner's motion. *Somerville*, Nos. 05-1475/2441 at 2, 6.

Additionally, Petitioner cannot show that the Court of Appeals was incorrect in denying his request for advisory counsel. The Constitution guarantees an individual either the right to counsel or the right to represent himself, but does not guarantee the type of part-time "advisory counsel" Petitioner sought on appeal. "It is unquestionably well-established that a person accused of a felony has a constitutional right to be represented by counsel and to have counsel appointed for him if he cannot afford one, *or*, alternatively, to represent himself in such proceedings." *United States v. Mosely*, 810 F.2d 93, 97 (6th Cir. 1987) ((emphasis in original) (citing *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525 (1975)). Thus, the Court of Appeals did not err in declining to appoint

3

counsel for Petitioner. Even if the Court of Appeals did err, it is still the Court of Appeals and this District Court cannot overturn a decision by the Court of Appeals.

### V. Petitioner Cannot Establish Prejudice Under *Strickland*

Petitioner already pursued his ineffective assistance of counsel claim on direct appeal. (Pet'r § 2255 Mot. at 3, 8.) The Court of Appeals determined that his ineffective assistance claim would more properly be brought in a § 2255 motion, because the record was inadequate to evaluate such a claim on direct appeal. *Somerville*, Nos. 05-1475/2441 at 5. Petitioner now argues that both of his district court appointed counsels were ineffective for two reasons: first, because they failed to object to an allegedly invalid search warrant; and second, because they failed to advise Petitioner that any such objection would be waived by his guilty plea.

The Sixth Circuit has summarized the test for ineffective assistance of counsel as follows:

> A two-prong test establishes ineffective assistance of counsel: 1) the defendant must show that his counsel's performance was deficient; and 2) prejudice must have resulted to counsel's defendant from the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). The first prong requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. The second prong requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial. *Id.*
>
> "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.... If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, ... that course should be followed." *Strickland*, 466 U.S. at 697, 104 S. Ct. 2052.
>
> To establish prejudice, the defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S. Ct. 2052. To determine if Kinnard was prejudiced by his attorney's performance, it is necessary to determine if the proceeding was fundamentally unfair or unreliable; a court should not focus the analysis on the outcome. *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S. Ct. 838, 122 L.Ed.2d 180 (1993).

*Kinnard v. United States*, 313 F.3d 933, 935 (6th Cir. 2002).

When ineffective assistance of counsel allegations are raised in the context of a plea process, the two-pronged analysis from *Strickland* still applies with a minor revision. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366 (1985). *See also Nagi v. United States*, 90 F.3d 130, 135-36 (6th Cir. 1996). The first prong of *Strickland* remains virtually the same. *Hill v. Lockhart, supra*, 474 U.S. at 58. The second prong or "prejudice" requirement focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Id.* at 59. Petitioner must show a reasonable probability that, but for counsel's errors, he would have *insisted on going to trial*. *Id.* (emphasis added). *See also Roe v. Lucio Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029 (2000).

First, Petitioner cannot show prejudice stemming from counsels' failure to challenge the search warrant's validity. This Court already considered–and rejected–Petitioner's arguments surrounding the validity of the search warrant. Therefore, even had Petitioner's counsels objected, the result would have been the same. Moreover, Petitioner cannot show prejudice from counsels' failure to explain that Petitioner's pre-plea objections would be waived by his guilty plea. The record shows that Petitioner's Plea colloquy cured any defect arising from counsels' alleged failure to inform Petitioner that he would be waiving the type of arguments he now maintains:

> THE COURT: If you plead guilty and I accept your plea, there is no trial of any kind. So by pleading guilty here, you're giving up your right to a trial.
>
> Furthermore, you cannot appeal on the question of whether you did or did not commit the crime. *The only thing you would be allowed to appeal would be the sentence, if you think I did not properly follow the law at the time of sentencing.*
>
> But in order to satisfy myself that you are guilty, I have to ask you questions about what you did. You'll have to answer my questions under oath and acknowledge your guilt. When you do that, you're giving up your right not to incriminate yourself because you will, in fact, be confessing to a crime.
>
> Do you understand that, Mr. Somerville?
>
> DEFENDANT SOMERVILLE: Yes, sir.

(Plea Tr. At 17-18 (emphasis added).)  Therefore, Petitioner's claims of ineffective assistance of counsel are without merit.

### VI.  No Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Sixth Circuit Court has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  The Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong.  Therefore, the Court will deny Petitioner a certificate of appealability.

### VII.  Conclusion

For the reasons set forth above, Petitioner's § 2255 Motion (docket no. 1) will be DISMISSED.  In addition, a certificate of appealability will be DENIED.

A separate Order will issue.

Dated:  January 3, 2008                                      /s/ Gordon J. Quist
                                                                       GORDON J. QUIST
                                                               UNITED STATES DISTRICT JUDGE